Filed 6/6/22 P. v. Tonies CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C094484 |
| Plaintiff and Respondent, | (Super. Ct. No. 21F8138) |
| v. | |
| DANE LEE TONIES, | |
| Defendant and Appellant. | |

Defendant Dane Lee Tonies appeals from his conviction for child endangerment (Pen. Code, § 273a, subd. (a); count III) and hit-and-run driving causing injury (Veh. Code, § 20001, subd. (a); count IV).[1] He contends the trial court prejudicially erred in responding to two separate questions asked by the jury during deliberations. He also claims the trial court violated his state and federal constitutional rights by imposing

---

[1] Further undesignated statutory references are to the Penal Code.

1

various fines and fees not orally pronounced at sentencing; alternatively, he contends the trial court violated his constitutional rights by imposing those fines and fees without considering his ability to pay. We agree the sentencing minute order and abstract of judgment improperly include fines and fees not imposed by the court at sentencing, and therefore we will remand for a limited resentencing to allow the trial court to determine whether to impose these fines and fees and, if so, their amounts. We otherwise affirm the judgment.

## FACTS AND PROCEEDINGS

*Factual Background*

The factual background of this case is not relevant to the issues on appeal; it suffices to say that defendant took his then-girlfriend's seven-year-old son for a ride in his truck. The boy was seated in the front seat without a booster seat. Defendant swerved and crashed into a guard rail, causing his truck to roll over. He then drove through a field, and his truck became stuck on several large boulders about a quarter mile from the site of the accident. He and the boy got out of the truck and started walking, eventually receiving a ride home. Later, he reported the truck stolen and completed and signed a stolen vehicle report.

*Verdict and Sentence*

Defendant entered a plea of no contest to filing a false report of a criminal offense, a misdemeanor (§ 148.5, subd. (a); count V); providing false information to a peace officer, a misdemeanor (Veh. Code, § 31; count VI); and driving with a license suspended for a prior violation of driving under the influence, a misdemeanor (*id.*, § 14601.2, subd. (a); count VII). In a subsequent jury trial, the jury found defendant guilty of child endangerment (Pen. Code, § 273a, subd. (a); count III) and hit-and-run driving causing injury (Veh. Code, § 20001, subd. (a); count IV), but not guilty of driving under the influence of an alcoholic beverage and causing bodily injury (*id.*, § 23153, subd. (a); count I) or driving while having 0.08 percent or more of alcohol in his blood

2

and causing bodily injury (*id*., § 23153, subd. (b); count II). In bifurcated proceedings, the trial court found true the allegation that defendant had been convicted of four prior serious felonies. The court sentenced defendant to an aggregate term of nine years four months in prison, plus a consecutive term of 360 days in county jail.

Defendant filed a timely notice of appeal. Briefing was completed on February 14, 2022, and the case was assigned to this panel on February 28, 2022. Defendant requested argument and the case was heard on May 17, 2022.

## DISCUSSION

### I

*Jury Question on Duty Element of Hit and Run*

Defendant contends the trial court prejudicially erred by incorrectly responding to the jury's mid-deliberation request for clarification on the duty element of hit and run, in violation of his state and federal constitutional rights. He contends the court's response to the jury's question "eviscerated" the requirement of jury unanimity on the duty element. We conclude defendant has forfeited this claim and has failed to show ineffective assistance of counsel.

A. *Procedural Background*

The trial court orally instructed the jury with CALCRIM No. 2140 (hit-and-run driving), as follows: "The defendant is charged in Count IV with failing to perform a legal duty following a vehicle accident that caused bodily injury to another person in violation of Vehicle Code Section 20000(1)(a). To prove that the defendant is guilty of this crime the People must prove that one, while driving the defendant was involved in a vehicle accident. Two, the accident caused injury to someone else. Three, the defendant knew he had been involved in an accident that injured another person or knew from the nature of the accident that it was probable that another person had been injured; and four, the defendant willfully failed to perform one or more of the following duties (a) to immediately stop at the scene of the accident, (b) to provide reasonable assistance to any

3

injured person in the accident, (c) to give to any traffic or peace officer at the scene of the accident all of the following information, the defendant's name and current residence address; the registration number of the vehicle he was driving; the name and current residence address of the owner of the vehicle if the defendant is not the owner and the name and current residence address of any occupants of the defendant's vehicle who were injured in the accident and (d), when requested to show his driver[']s license if available to any traffic or peace officer at the scene of the accident."

The instruction further provided: "You may not find the defendant guilty unless you all agree that the People have proved the defendant failed to perform at least one of the required duties. *You must all agree on which duty the defendant failed to perform*." (Italics added.)

In closing, the prosecutor observed that "[t]he People only have to prove that the defendant failed to do one of the listed duties," and argued there was evidence that defendant failed to perform three of the listed duties. Defendant argued the accident did not result in an injury or, alternatively, he did not know the boy was injured, and therefore he could not have failed to perform a legal duty.

During deliberations, the jury sent the following written question: "Does the jury have to agree on all 4 charges in count # IV. / Do we need all 4 circumstances to be present in order for conviction on this particular charge (IV)[?]"

Without consulting the parties, the trial court responded in writing: "In count 4, item 4 (a) thru (d), the jury must agree defendant failed to perform at least one of the 4 duties."

The trial court subsequently assembled the parties, disclosed its earlier correspondence, and proposed adding to its previous answer that "as to the elements numbered One, Two, Three and Four the People must prove beyond a reasonable doubt all four elements of the charged crime." Defense counsel replied: "Perfect."

4

Consistent with its proposal, the trial court's amended response added a second sentence to its initial response, which was set forth in full again on this second written correspondence; thus, the court's complete answer was as follows: "In count 4, item 4 (a) thru (d), the jury must agree defendant failed to perform at least one of the 4 duties[.] [¶] However, as to the elements numbered 1, 2, 3, & 4, the People must prove beyond a reasonable [doubt] all 4 elements of the charged crime."

B. *Legal Background*

Section 1138 provides that if the jurors "desire to be informed on any point of law arising in the case," the trial court must provide "the information required." (§ 1138.) Section 1138 "imposes a 'mandatory' duty to clear up any instructional confusion expressed by the jury." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1212, superseded by statute on another ground as stated in *In re Steele* (2004) 32 Cal.4th 682, 691.) Although section 1138 imposes "a primary duty to help the jury understand the legal principles it is asked to apply," "[t]his does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97; *People v. Smithey* (1999) 20 Cal.4th 936, 1009.) Where the court's response to a jury question is "clear and correct," the court has properly exercised its discretion. (*Smithey*, at p. 985.)

"[A] reviewing court may not overturn an exercise of discretion simply because it would have decided differently." (*People v. McGlothin* (1998) 67 Cal.App.4th 468, 477.) "A trial court will not be found to have abused its discretion unless it 'exercised its discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice.' " (*People v. Roldan* (2005) 35 Cal.4th 646, 688, overruled on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

5

C. *Forfeiture and Ineffective Assistance of Counsel*

A defendant forfeits a challenge to a trial court's response to a jury question by failing to request a different response or by agreeing with the response proposed by the court. (*People v. Davis* (2009) 46 Cal.4th 539, 616-617; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1193.)

Defendant contends he did not forfeit his challenge because the trial court initially responded to the jury's question without conferring with the parties, thereby denying counsel a meaningful opportunity to object and violating his right to due process. We agree that the trial court provided an initial response to the jury's question without consulting with the parties, but the court subsequently assembled the parties and proposed providing an amended response to the jury's question that encompassed and reiterated the original response. Defense counsel did not propose a different answer to the jury's question that could have clarified the ambiguity of which he now complains; indeed, defense counsel characterized the court's proposed response as "[p]erfect." Accordingly, defendant has forfeited his claim.

Anticipating our conclusion, defendant contends that his counsel was constitutionally ineffective. To prevail on his claim of ineffective assistance of counsel, defendant must show (1) that his counsel's representation was deficient, i.e., that it "fell below an objective standard of reasonableness," and (2) that prejudice resulted, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) "If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails." (*People v. Holt* (1997) 15 Cal.4th 619, 703.)

As we will explain, we conclude defendant has failed to show that his attorney fell below a reasonable attorney standard by failing to propose a different response to the jury's question than that proposed by the court.

D. *Analysis*

Defendant contends the trial court's response to the jury's question for clarification violated his constitutional rights by informing the jury that it must agree that he failed to perform at least one of the duties enumerated by the instruction without reiterating that the jury must agree on which duty he failed to perform. He contends the trial court's answer misled the jury into believing there was no requirement of unanimity on the duty element.

We disagree. Initially, defendant does not dispute that the trial court's response to the jury's question was legally correct as far as it went. Instead, defendant contends that the response misled the jury by not including an additional admonishment that the jury must agree as to which duty defendant failed to perform. Defendant's argument relies on the premise that, because the jury initially expressed confusion about whether it needed to find that defendant had failed to perform all four duties, it must *also* have been confused about whether it must unanimously agree as to which duty defendant failed to perform. However, the jury's question does not demonstrate such confusion. Rather, as we have discussed, the jury's question only asked whether it must agree that defendant failed to perform all four duties, or only one. The court's response to the jury did not suggest that it need not unanimously agree as to which duty defendant failed to perform, and there is no reason to conclude that the jury was confused about the need for unanimity, on which it had been previously instructed as we have set forth *ante*. Because the unanimity requirement was fully and completely stated in the instruction given, and the jury did not ask about that requirement or show any confusion as to the need for its application, the court did not abuse its discretion by not reiterating that concept in its response to the jury. Accordingly, defense counsel did not fall below an objectively reasonable standard by failing to propose a different answer to the jury's question. Defendant's claim of ineffective assistance of counsel fails.

7

II

*Jury Question On Child Car Seat Requirements*

Defendant next contends the trial court prejudicially erred when it responded to the jury's mid-deliberation question on child car seat requirements, in relation to the child endangerment count. We disagree.

A. *Procedural Background*

The trial court orally instructed the jury as to the elements of child endangerment with CALCRIM No. 821 as follows: "The defendant is charged in Count III with the crime of child abuse likely to produce great bodily harm or death in violation of Penal Code Section 273(a) (a) [*sic*]. To prove that the defendant is guilty of this crime the [P]eople must prove that one, the defendant while having the care and custody of a child willfully caused or permitted the child to be placed in a situation where the child's person or health was in danger. [¶] Two, the defendant inflicted pain or suffering on the child or caused or permitted the child to suffer[,] be injured[,] or be in danger under circumstances or conditions likely to produce great bodily harm or death and three, the defendant was criminally negligent when he caused or permitted the child to suffer[,] be injured[,] or to be in danger.

"Some one commits an act willfully when he or she does it willingly or on purpose. The phrase likely to produce great bodily harm or death means the probably [*sic*] of great bodily harm or death is high. Great bodily harm means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. A child is a person under the age of 18 years.

"Criminal negligence involves more than . . . ordinary carelessness in attention to mistake in judgment. [¶] A person acts must -- a person acts with criminal negligence when one he or she acts in a reckless way that is a gross departure from the way an ordinary careful person would act in the same situation; two, the person's acts amount to a disregard for human life or indifference to the consequence of his or her acts and three,

8

a reasonable person would have known that acting in that way would naturally and probably result in the harm to others.

"A child does not need to actually suffer great bodily harm[.] [I]f the child does suffer great bodily harm you may consider that fact along with all the other evidence in deciding what [*sic*] the defendant committed the offense."

In closing argument, the prosecutor argued that defendant had committed child endangerment likely to cause great bodily harm by putting the boy in the front seat of the vehicle rather than in a car seat, speeding, drinking before driving, crashing the vehicle, taking the boy away from the scene and telling him to avoid detection, and hiking across a creek in the cold.

During deliberations, the jury sent a question asking, "What is [*sic*] the height and weight requirements for sitting on front seat without Booster[?]"

After convening the parties, the trial court explained that Vehicle Code section 27360 requires a child under the age of eight years to be properly secured in the rear seat in an appropriate child passenger restraint system. The court noted two relevant exceptions provided by Vehicle Code section 27363: (1) a child who weighs more than 40 pounds may be transported in the rear seat while wearing a lap safety belt, where the vehicle is not equipped with a combination lap and shoulder safety belt, and (2) a child under the age of eight who is at least four feet nine inches tall may be properly restrained with a safety belt rather than a child passenger restraint system.

The trial court proposed instructing the jury on the law governing child restraints. The prosecutor agreed with the court's proposed instruction. Defense counsel objected to the proposed instruction on the basis that there had been no evidence about the boy's age or height and argued it would be appropriate to respond that the jury could request readback of testimony.

The trial court found no prejudice from an instruction explaining the child restraint laws, and it responded to the jury's question as follows: "A child under the age of 8 years shall be properly secured in the rear seat in an appropriate child passenger restraint system[.]  <Vehicle Code 27360>  [¶]  Exceptions:  [¶]  A child weighing more than 40 pounds may be transported in the backseat while wearing only a lap safety belt when the backseat is not equipped with a combination lap and shoulder safety belt;  [¶]  A child under 8 [years old] who is 4 [feet] 9 [inches] in height or taller may be properly restrained by a safety belt rather than a child passenger restraint system.  [¶]  A child under age 8 must be secured in a car seat or booster seat.  Children who are 8 years of age or have reached 4 [feet] 9 [inches] may be secured by a booster but at a minimum must be secured by a safety belt."

B. *Analysis*

Defendant contends the trial court abused its discretion by responding to the jury's question without also explicitly telling the jury that failing to seat a child as required by the Vehicle Code is not child endangerment as a matter of law.  He claims the court's response to the jury's question could have led the jury to find defendant guilty of child endangerment merely by finding that he violated the Vehicle Code provisions concerning child car seating.

The trial court did not abuse its discretion.  First, the court provided the jury with a legally correct answer to the question asked; defendant does not contend otherwise.  Second, while defendant contends the court's answer lacked the additional information that failure to comply with the child car seating requirements does not by itself constitute child endangerment, the jury did not request that information and had already been properly instructed on the elements of child endangerment.  Nor did the court's response to the jury's question indicate or suggest in any way that conduct violating the Vehicle Code necessarily constituted child endangerment.  Indeed, as we have set forth *ante*, the court properly instructed the jury with CALCRIM No. 821 on the elements of child

10

endangerment, including a definition of criminal negligence, which did *not* suggest that mere violation of the Vehicle Code could satisfy the elements of the charged offense.

The information provided by the trial court to the jury in direct response to the jury's question did not contradict or cast doubt on the instructions the jury had previously been given or suggest to the jury that a finding that defendant violated the provisions of the Vehicle Code alone was sufficient to find him guilty of child endangerment. Accordingly, defendant's claim lacks merit.[2]

## III

### *Fines and Fees*

Defendant contends the minute order and abstract of judgment should be corrected to strike the $5,400 restitution fine (§ 1202.4, subd. (b)), $5,400 suspended parole revocation fine (§ 12022.45), $80 court operations assessment (§ 1465.8, subd. (a)(1)), and the $60 criminal conviction assessment (Gov. Code, § 70373) because the trial court did not orally impose them at sentencing. In the alternative, defendant contends we should strike these amounts because the trial court violated his right to due process by imposing those fines and fees without a determination of his ability to pay.

The Attorney General agrees that we should strike the fines and fees not orally imposed at sentencing but argues that the matter should be remanded to the trial court so it can properly impose any required fines and fees. We agree that remand for a limited resentencing is required, as we next explain.

---

[2] Defendant contends the cumulative error of the trial court's responses to the jury's requests for clarification violated his federal and state constitutional rights to due process and a fair trial. "A predicate to a claim of cumulative error is a finding of error. There can be no cumulative error if the challenged rulings were not erroneous." (*People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1068.)

11

The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Thus, the trial court clerk lacks authority to add fines and fees to a sentencing minute order or an abstract of judgment where the fines and fees were not orally pronounced by the sentencing court. (*Id.* at pp. 387-388.) Fines and fees included on the abstract or minute order that were not orally pronounced must be stricken. (*Id.* at p. 388.) Accordingly, we agree with the parties that the restitution fines, criminal conviction assessment, and court operations assessments should not appear on the current versions of the minute order and abstract of judgment.

We agree with the Attorney General, however, that the case must be remanded to the trial court to allow the court to determine whether to impose the disputed fines and fees. Defendant contends that the Attorney General forfeited his argument that remand is required by failing to object at trial. Recognizing that ordinary rules of forfeiture do not apply where the judgment is unauthorized (*People v. Anderson* (2020) 9 Cal.5th 946, 961-962), defendant contends the trial court's implicit decision not to impose fines and fees does not render the judgment unauthorized because the trial court was authorized to elect not to impose the fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1172.

We disagree with defendant's forfeiture argument. The assessments at issue remain *statutorily* mandated, and the trial court's failure to impose them without making an explicit finding that potentially excuses their imposition resulted in an unauthorized sentence. (See *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272 [addressing the criminal conviction and court operations assessments].) Similarly, the court may decline to impose a restitution fine only if it "finds compelling and extraordinary reasons for not

12

doing so and states those reasons on the record" (§ 1202.4, subd. (b); see also § 1202.45 [in every case in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory]); the court made no such findings here.

Remand for a limited resentencing is required to allow the trial court to fully address the restitution and parole revocation fines, the court operations assessment, and the criminal conviction assessment, and to ensure the new abstract of judgment and the court's internal records are consistent with the court's oral pronouncement of those fines and assessments. (*People v. Zackery*, *supra*, 147 Cal.App.4th at p. 389 [striking fines and fees not orally imposed and remanding the case to the trial court to determine whether to impose restitution fines].)

Because we are remanding for resentencing as to monetary obligations, we decline to reach defendant's claim that the trial court violated his constitutional rights by imposing the fines and fees without considering his ability to pay. Defendant may raise any arguments regarding his inability to pay on remand, should he choose to do so.

## DISPOSITION

The case is remanded for a limited resentencing, with directions to the trial court to fully address the restitution and parole revocation fines, the court operations assessment, and the criminal conviction assessment, and to ensure the resulting minute order and abstract of judgment are consistent with the trial court's oral pronouncement of those fines and assessments. The judgment is otherwise affirmed.


　　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　 Duarte, J.



We concur:



　　　　 /s/
Mauro, Acting P. J.



　　　　 /s/
Earl, J.

14